UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS R. HOGAN,    )<br>                                    )<br>         Plaintiff,         )<br>                                    )<br>    v.                           )<br>                                    )<br>TOWN OF SANDWICH   )<br>and DENNIS BYRNE,      )<br>                                    )<br>         Defendants.       ) | CIVIL ACTION<br>NO. 12-10063-JGD |

# MEMORANDUM OF DECISION AND ORDER ON
# DEFENDANT TOWN OF SANDWICH'S MOTION TO DISMISS

May 17, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

The Plaintiff, Thomas R. Hogan, is a resident of the Town of Sandwich. He contends that he was assaulted by the Defendant Dennis Byrne, a former Police Officer for the Town. By his First Amended Complaint, Hogan has asserted six claims against Byrne for assault and battery, intentional infliction of emotional distress, excessive force, negligent infliction of emotional distress, violation of the Massachusetts civil rights act, and violation of 42 U.S.C. § 1983. Hogan has also brought one count against the Town of Sandwich pursuant to the Massachusetts Torts Claims Act ("MTCA"), Mass. Gen. Laws ch. 258, alleging that Town officials knew about Byrne's dangerous conduct toward

Plaintiff, and made specific assurances of safety and assistance to the Plaintiff on which he relied and which the Town failed to fulfill.

The matter is presently before the court on "Defendant Town of Sandwich's Motion to Dismiss" pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 12). In its motion, the Town contends that the claim against it should be dismissed under the MTCA because Byrne was not acting within the scope of his employment at the time he committed the alleged assault, and because the Town is immune from suit for claims that the Town failed to provide adequate police protection or to prevent the commission of a crime or incident of violence. See Mass. Gen. Laws ch. 258, § 10(h). However, and as detailed more fully herein, the MTCA expressly provides that the Town is not immune from "any claim based upon explicit and specific assurances of safety or assistance . . . provided that the injury resulted in part from reliance on those assurances." Mass. Gen. Laws ch. 258, § 10(j)(1). Since Hogan has alleged sufficient facts to state a claim under this exemption from sovereign immunity, the Town's motion to dismiss is DENIED.[1]

---

[1] In light of this conclusion, this court will not address Plaintiff's contention that the motion to dismiss is untimely because it was not filed within the time for filing responsive pleadings after removal to federal court, as set forth in Fed. R. Civ. P. 81(c)(2), or his contention that this court's review is barred by res judicata in light of the state court's allowance of his motion to amend his complaint to assert the claim against the Town. The Town had opposed the motion to amend on the grounds of futility. The state court had allowed the motion to amend on December 19, 2011, finding that "[a]lthough the Town's argument of futility is substantial, it is not quite enough to defeat the motion to amend, and therefore Plaintiff will be granted leave to amend." (State Court Docket (Docket No. 8) at p. 4).

## II. STATEMENT OF FACTS

When ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts, and give the plaintiff the benefit of all reasonable inferences. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations and punctuation omitted). "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiff['s] claim; or for documents sufficiently referred to in the complaint.'" Id. (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). Applying these standards to the instant case, the relevant facts are as follows.[2]

---

[2] Consistent with this standard, this court has considered Hogan's First Amended Complaint (Docket No. 1-1), as well as, to the extent relevant, the state court record (Docket No. 8).

3

On or about June 17, 2009, Byrne, who was not at the time wearing his police uniform but was known to Hogan as a police officer, came to Hogan's home. First Am. Compl. (Docket 1-1) ("Compl.") ¶¶ 4-5. Upon leaving, Bryne intentionally struck Hogan multiple times causing him significant injury. Id. ¶ 6. Plaintiff asserts that the alleged incident on June 17, 2009 "was the culmination of a series of incidents between Byrne and the Plaintiff over a period of years, stemming from the Plaintiff's relationship with Byrne's wife." Id. ¶ 7.

Hogan alleges that prior to June 17, 2009, Byrne had "repeatedly appeared" at Plaintiff's home "while in police uniform and/or on duty." Id. ¶ 8. Prior incidents between the two men included "a firearm incident, a 'road rage' incident, death threats, and other threatening and intimidating conduct by Byrne." Id. ¶ 10. In 2002, Hogan met with the Town Manager, George Dunham, "who indicated that he would address the matters with Police Chief Michael Miller." Id. ¶ 11. Hogan also met directly with Chief Miller and Lieutenant David Guillemette to discuss the incidents between himself and Byrne. Id. ¶ 12. Plaintiff alleges that "Chief Miller advised [him] that they would reassign Byrne to a different sector of town, away from the Plaintiff's residence" and "also advised the Plaintiff that he would ensure that Byrne would stay away from and have no contact with the Plaintiff." Id. ¶ 13. When subsequent incidents between Byrne and Hogan occurred despite these assurances, Plaintiff allegedly reported them to Chief Miller "who reiterated that he would take care of the problem and would ensure that Byrne would stay away from the Plaintiff." Id. ¶ 14. Hogan alleges that he "relied upon

4

Chief Miller's assurances of safety and assistance." Id. ¶ 15. Nevertheless, although the Town and the Police Department "were aware of the threat posed by Byrne to the Plaintiff, [and] made specific assurances of safety and assistance to the Plaintiff, [they] failed to take appropriate measures to prevent an incident of violence." Id. ¶ 16. Finally, Hogan alleges that he "suffered injury and damage as a proximate result of the Town of Sandwich's failure to adequately train, supervise, and/or discipline its police employees, including Byrne." Id. ¶¶ 16, 42.

Additional facts relevant to this court's analysis will be described below where appropriate.

## III. ANALYSIS

### A. Motion to Dismiss Standard of Review

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the pleadings. Thus, when confronted with a motion to dismiss, the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the non-moving party. Cooperman, 171 F.3d at 46. Dismissal is only appropriate if the pleadings, so viewed, fail to support "'a plausible entitlement to relief.'" Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559, 127 S. Ct. at 1967 (2007)).

Two underlying principles must guide the court's assessment as to the adequacy of the pleadings to support a claim for relief. Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009). "'First, the tenet that a court must accept as true all of the allegations

5

contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' Such conclusory statements are 'not entitled to the assumption of truth.'" Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)) (internal citations omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. (quoting Ashcroft, 129 S. Ct. at 1950). "This second principle recognizes that the court's assessment of the pleadings is 'context-specific,' requiring 'the reviewing court to draw on its judicial experience and common sense.' '[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief.'" Id. (quoting Ashcroft, 129 S. Ct. at 1950) (internal quotations and citation omitted; alterations in original).

### B. Acting Within Scope of Employment

A public employer may be subject to liability under the MTCA "for injuries caused by the negligence of a public employee while 'acting within the scope of his office or employment.'" Armstrong v. Lamy, 938 F. Supp. 1018, 1044 (D. Mass. 1996) (quoting Mass. Gen. Laws ch. 258, § 2). The Town argues that it cannot be held liable in the instant case because Byrne was acting in his individual capacity, and not as a police officer, when he allegedly assaulted Hogan. While this court agrees that Hogan has not alleged that Byrne was acting within the scope of his employment at the time of the incident, this does not relieve the Town of liability. Rather, the Town may be liable for

the negligence of other public employees — including the police officers who allegedly promised Hogan that steps would be taken to prevent Byrne from attacking him.

The Massachusetts Supreme Judicial Court established in Clickner v. City of Lowell, 422 Mass. 539, 633 N.E.2d 852 (1996), that courts must apply the common law test of scope of employment in order to determine whether a person was "acting within the scope of his office or employment" under the MTCA. Id. at 543, 633 N.E.2d at 855. In making this determination, "[f]actors to be considered include whether the conduct in question is of the kind the employee is hired to perform, whether it occurs within authorized time and space limits, and whether it is motivated, at least in part, by a purpose to serve the employer." Id. (citing Wang Lab., Inc. v. Bus. Incentives, Inc., 398 Mass. 954, 501 N.E.2d 1163 (1986)). In the instant case, there is no allegation that Byrne came in contact with Hogan as part of his duties as a police officer, or that Byrne was motivated by a purpose to serve the Town when he confronted Hogan. Rather, the allegations of the complaint make it clear that "[t]he incident on June 17, 2009, was the culmination of a series of incidents between Byrne and the Plaintiff over a period of years, stemming from the Plaintiff's relationship with Byrne's wife." Compl. ¶ 7. This court agrees that the complaint fails to state a claim that Byrne was acting within the scope of his employment at the time of the alleged assault.

Nevertheless, this does not end the inquiry. The crux of the allegations against the Town are that Chief Miller, and to a lesser extent Town Manager George Dunham and possibly Lieutenant David Guillemette, made representations to Hogan on which he

7

relied to his detriment, and promised specific actions which they failed to take. There is no dispute that when Hogan spoke with these Town employees they were acting within the scope of their employment as public officers for the Town. Plaintiff met with Dunham, in Dunham's role as the Town Manager, specifically to discuss Plaintiff's concern regarding Byrne. Compl. ¶ 11. Plaintiff also met with both Chief Miller and Lieutenant Guillemette in their roles as officers of the Town to report the alleged incidents between himself and Byrne. Id. ¶ 12. Pursuant to the allegations of the complaint, Chief Miller spoke to Plaintiff in his capacity as the Police Chief of the Town, and responded to Plaintiff's concerns with assurances that he would take action through the police department by reassigning Byrne to a different sector of town in order to keep Byrne away from Plaintiff. Id. ¶¶ 13-14. Thus, this court finds that Plaintiff has sufficiently alleged that public employees of the Town were acting within the scope of their employment so that the Town may be found responsible for their conduct under Mass. Gen. Laws ch. 258, § 2.

### C. Sovereign Immunity

Although the MTCA provides that public employers may be liable for injuries caused by the negligence of a public employee while such employee is acting within the scope of his office or employment, Mass. Gen. Laws ch. 258, § 10 recognizes that public

employers retain immunity in certain circumstances.  The Town relies on § 10(h),[3] which provides that liability will not attach to the Town for

> any claim based upon the failure to establish a police department or a particular police protection service, or if police protection is provided, for failure to provide adequate police protection, [or] prevent the commission of crimes....

However, Mass. Gen. Laws ch. 258, § 10(j)(1) modifies this provision, and expressly provides that public employers are not exempt from:

> any claim based upon *explicit and specific assurances of safety or assistance, beyond general representations that investigation or assistance will be or has been undertaken*, made to the direct victim or a member of his family or household by a public employee, provided that the injury resulted in part from reliance on those assurances.

(Emphasis added).  Consequently, although the Town may claim immunity under § 10(h), if Plaintiff's claim is based upon "explicit and specific assurances of safety or assistance," then the Town may still be liable under Section 10(j)(1).  See Lawrence v. City of Cambridge, 422 Mass. 406, 409, 664 N.E.2d 1, 3 (1996).

In Lawrence v. City of Cambridge, the Supreme Judicial Court interpreted the terms "explicit and specific assurances" within the context of liability under the MTCA.

---

[3] Although not cited by the Town, Mass. Gen. Laws ch. 258, § 10(j) also recognizes that a public employer is immune from "any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person...."  However, both § 10(h) and § 10(j) are modified by § 10(j)(1) discussed above.  See Lawrence v. City of Cambridge, 422 Mass. 406, 409, 664 N.E.2d 1, 3 (1996) (if § 10(j)(1) does not apply, City has immunity under §§ 10(h) and (j) from suit alleging failure to provide promised police protection).

9

Id. at 410, 664 N.E.2d at 3. The Court held that "by 'explicit' the Legislature meant a spoken or written assurance, not one implied from the conduct of the parties or the situation, and by 'specific' the terms of the assurance must be definite, fixed, and free from ambiguity." Id. Since Hogan alleges that the assurances he received from Chief Miller were expressed orally during the course of several conversations and meetings, Plaintiff satisfies the "explicit" requirement under Section 10(j)(1). See Suboh v. City of Revere, 141 F. Supp. 2d 124, 134 (D. Mass. 2001) (finding that "[b]ecause the assurance was spoken, it cannot be doubted that it was explicit and not implied from the conduct of the parties or the situation."), aff'd in part, rev'd in part on other grounds, Suboh v. Dist. Attorney's Office of Suffolk Dist., 298 F.3d 81 (1st Cir. 2002)

The closer question here is whether Chief Miller's assurances to Plaintiff were sufficiently "specific" such that Section 10(j)(1) applies and the Town is not immune from suit. Chief Miller did allegedly expressly commit to reassigning Byrne, and to take steps which would ensure that Byrne would stay away from Hogan. Admittedly, there is no further elucidation as to what such steps would entail, or any indication as to how long any such actions were to continue. Nevertheless, these assurances go "beyond general representations" that the police would provide protection. Mass. Gen. Laws ch. 258, § 10(j)(1). See Lawrence, 422 Mass. at 411-12, 664 N.E.2d at 4 (plaintiff's affidavit alleging a promise of protection for as long as specified individuals posed a danger to the plaintiff raises a genuine issue of material fact as to whether § 10(j)(1) applies); Lamare v. Commonwealth, No. CIV. A. 92-6343, 2000 WL 286728, at *1, *6 (Mass. Super. Feb.

14, 2000) (evidence that police "made explicit and specific assurances to Ms. Lamare that they would contact Kennedy Airport in New York to try to prevent [her husband] from leaving the country [with their children] in the event that he attempted to leave from New York City" satisfied the "explicit and specific" requirement of § 10(j)(1) so that the Commonwealth was not immune from suit). While this court agrees that the Town's arguments are "substantial" (see note 1, supra), applying the appropriate standard of review, this court finds that the Plaintiff has satisfied his burden to allege sufficient facts to support "'a plausible entitlement to relief.'" Rodriguez-Ortiz, 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559, 127 S. Ct. at 1967 (2007)).

## IV. CONCLUSION

For all the foregoing reasons, the Defendant Town of Sandwich's Motion to Dismiss (Docket No.12) is DENIED.

                                                 / s / Judith Gail Dein
                                                Judith Gail Dein
                                                United States Magistrate Judge